*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ETHAN KEITH CALLOWAY,

        Defendant-Appellant.

UNPUBLISHED
March 5, 2019

No. 336563
Ingham Circuit Court
LC No. 16-000460-FH

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] the sentence imposed for his plea-based conviction of possession with intent to deliver less than 50 grams of a mixture containing narcotics, MCL 333.7401(2)(a)(*iv*). The trial court sentenced defendant, as a habitual third offender, MCL 769.11, to 8 to 40 years' imprisonment, a significant upward departure from the sentencing guidelines range of 10 to 34 months. We reverse defendant's sentence and remand to the trial court to either resentence defendant or properly articulate the justifications for its sentence.

In December 2015, defendant was arrested and charged, as a habitual fourth offender, MCL 769.12, with two counts of possession with intent to deliver less than 50 grams of a mixture containing narcotics, MCL 333.7401(2)(a)(*iv*); one count of possession with intent to deliver a schedule 4 substance, MCL 333.7401(2)(c); and one count of receiving and concealing stolen property with a value of less than $200, MCL 750.535(5). In June 2016, defendant pleaded guilty to one count of intent to deliver narcotics as a habitual third offender and the remaining charges were dismissed.

---

[1] We consider this matter pursuant to an order of remand from our Supreme Court in *People v Calloway*, 501 Mich 923; 903 NW2d 574 (2017).

The trial court departed from the sentencing guidelines range of 10 to 34 months' imprisonment and imposed a sentence of 96 to 480 months' imprisonment. The trial court's full explanation of defendant's sentence is as follows: "It's absolutely incredible to me that a man with eleven felonies and eleven misdemeanors would have these kind [sic] of scorings. This gentleman has no regard for much of anything . . . . You know, I mean, seriously. Eleven felonies prior to this, plus all these . . . . And if I could give you more, I probably would."

On appeal, defendant argues that the trial court imposed an unreasonable sentence departure in violation of the principle of proportionality articulated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and adopted in *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017). Defendant further argues that the trial court did not adequately express its justification for the departure in order to facilitate appellate review. We agree.

Appellate review of a departure sentence imposed under the now-advisory guidelines scheme is confined to determining whether the sentence was reasonable. *Steanhouse*, 500 Mich at 459; *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). The reasonableness of the sentence imposed is reviewed for an abuse of discretion. *Steanhouse*, 500 Mich at 459-460. The trial court abuses its discretion when it imposes a sentence that is unreasonable because it violates the principle of proportionality. *People v Dixon-Bey*, 321 Mich App 490, 523-524; 909 NW2d 458 (2017).

The central question in the reasonableness inquiry is "whether the trial court abused its discretion by violating the principle of proportionality set forth in [*Milbourn*, 435 Mich 630], which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 459-460 (quotation marks and citation omitted). While the applicable sentencing guidelines range is advisory only, "a sentencing court must determine the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 365. The sentencing guidelines are "a highly relevant consideration in a trial court's exercise of sentencing discretion", and the trial court "must consult those [g]uidelines" when making a sentencing determination. *Id*. at 391 (quotation marks and citation omitted). Importantly, the guidelines "provide[] objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences." *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (quotation marks and citations omitted).

At the same time, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Steanhouse*, 500 Mich at 475 (quotation marks and citation omitted). Departures are proper where the guidelines accord inadequate weight to "important factors legitimately considered at sentencing." *Milbourn*, 435 Mich at 657. A trial judge may impose a sentence that departs from the guidelines when the recommended range "is disproportionate, in either direction, to the seriousness of the crime." *Id*. However, there are no reasonable grounds for departure where "most, if not all, of the factors discussed by the trial court to support its departure sentence [are] contemplated by at least one offense variable (OV)," and where the trial court fails to offer any explanation as to why that scoring was insufficient. *Dixon-Bey*, 321 Mich App at 525-526. Therefore, in addition to adhering to the principle of proportionality, "sentencing courts must

justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 392. This justification must include "an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted).

In this case, the trial court's sole reference to the guidelines was to note the defendant's extensive criminal history and to express dissatisfaction with the guidelines scores. Such a passing reference is insufficient for this Court to determine whether the trial court took the guidelines recommendation into account. And, the trial court's stated reasons for its sentence were not adequate to facilitate appellate review.

The prosecution argues that the trial court's departure sentence was proportionate, and therefore reasonable, because defendant's likelihood of rehabilitation and his criminal history were not adequately addressed by the guidelines. Factors that were given inadequate weight by the guidelines are appropriately considered when imposing a departure sentence. *People v Houston*, 448 Mich 312, 322-324; 532 NW2d 508 (1995). While the trial court indicated that defendant's lengthy criminal record was not adequately reflected in the guidelines recommendation, "[a] sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304. Lacking an explanation of the connection here, the trial court abused its discretion in imposing the sentence it did.

Reversed and remanded for resentencing or a proper articulation of the justifications for a sentence. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

-3-